Robert L. **SHEPHERD**

v.

Marilyn F. **SHEPHERD.**

No. 89–458–Appeal.

Supreme Court of Rhode Island.

Feb. 28, 1991.

Robert L. Shepherd, pro se.

John D. Lynch, Warwick, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on appeal by the plaintiff, Robert L. Shepherd, from an order of the Kent County Family Court in a divorce proceeding. In that order the Family Court ruled that a stipulation of dismissal signed by both the plaintiff and the defendant, Marilyn F. Shepherd, was ineffective to dismiss the case. We affirm.

The plaintiff initiated divorce proceedings from defendant in November 1983, and the Family Court entered a decision pending final judgment on July 27, 1984. Subsequently the parties refused to cooperate on the property-settlement agreement. On September 26, 1985, at an in-chambers conference, the trial justice appointed the attorneys for the parties cocommissioners to sell the marital assets and distribute the proceeds. All parties were present at the conference, and all received copies of the order, but the order itself was never entered in court.

In late 1985 plaintiff filed three stipulations of dismissal signed by himself and defendant, pursuant to Rule 41(a)(1)(ii) of the Rules of Procedure for Domestic Relations. The trial justice ignored the stipulations and subsequently ordered plaintiff to pay attorneys' fees and commissioners' fees. The plaintiff failed to pay the fees as ordered and, in violation of an outstanding order, attempted to encumber the marital property. On August 21, 1989, another justice of the Family Court reaffirmed the prior orders awarding fees and ordered that the matter had not been dismissed. The plaintiff appeals from that order and requests that we find that the case was dismissed as of October 31, 1985, the date of the earliest stipulation.

■ Rule 41(a)(1)(ii) allows a plaintiff to dismiss an action voluntarily "by filing a stipulation of dismissal signed by all parties who have appeared in the action." This rule is subject to Rule 66(j) of the Rules of Procedure for Domestic Relations, which requires a court order to dismiss those actions in which the court has appointed a receiver. The plaintiff argues that the stipulations signed by himself and defendant should have been sufficient to dismiss the case because Rule 66(j) does not pertain to *commissioners*. We do not accept this argument. It is true that commissioners are dealt with separately in Rule 66A, whereas Rule 66 details the rights and obligations of receivers. In our opinion, however, Rule 66(j) should be read to include those actions in which the court has appointed commissioners. Both receivers and commissioners are officers of the court, and it is therefore imperative that the court accede in the dismissal of an action when either is involved. Therefore, plaintiff's stipulations of dismissal were ineffective to dismiss this case.

■ The plaintiff insists that the cocommissioners in this case were not validly appointed because the September 26, 1985 order appointing them was never entered and therefore Rule 66(j) does not apply. When the trial justice announced the order, however, all parties—including plaintiff— were present, all received copies of the order, and all continued to act as if the order had been validly entered. On January 10, 1986, the trial justice issued a subsequent order in which he allowed the attorney for each party to withdraw as counsel, but expressly ordered them "to remain as cocommissioners and as officers of this Court for that purpose until discharged by this Court." Furthermore, this court later issued a per curiam opinion regarding a disciplinary matter against the cocommissioners. *Carter v. Dworkin*, 561 A.2d 389 (R.I.1989). In that opinion we acknowledged that the original order had never

been entered, but we did not find that this omission invalidated the appointment of the cocommissioners. *Id.* at 390. It is our considered opinion that all parties involved were relying on the appointing order as if it had been validly entered.

The plaintiff further claims that he could not appeal the appointment because the appointing order was never entered. If the plaintiff had sincerely wanted to appeal the order, he could have motioned the court to enter it and then taken an appeal.

For the foregoing reasons the plaintiff's appeal is denied and dismissed, the order of the Family Court is affirmed, and the papers of the case are remanded to the Family Court.